# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1765

_____

United States of America

*Plaintiff - Appellee*

v.

Marvin Leon Eason

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: January 13, 2016
Filed: February 17, 2016
[Unpublished]

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Marvin Leon Eason was convicted of possession of synthetic marijuana with intent to distribute and being a felon in possession of a firearm after police found

drugs and a gun when executing a search warrant on his residence. The district court[1] denied Eason's motion to suppress the evidence found during the search. Eason now appeals that denial and the sufficiency of the evidence on the firearm charge. We affirm.

Eason contends that the search warrant for his residence was not supported by probable cause. We review a district court's factual findings supporting the denial of the motion to suppress for clear error and its legal conclusions de novo. United States v. Garcia-Hernandez, 682 F.3d 767, 771 (8th Cir. 2012). Probable cause for a search warrant exists if there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Id. (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).

DEA task force officer Alan Nobles applied for the search warrant after a confidential source made seven separate controlled purchases from Eason of "K-2," which is a synthetic cannabinoid and a controlled substance. As detailed in Nobles' affidavit, Eason was at his residence before three of the purchases. On one occasion, the source went to the convenience store where Eason worked and asked to buy K-2. Eason left the store, drove home, returned to the store, and completed the sale. On a second occasion, the source contacted Eason after he had left work. Officers observed Eason arrive at his home, enter and leave the house, and then drive to the parking lot of the store where he met the source. On a third occasion, the source asked Eason to meet him at the store. Eason was seen leaving his home and driving his car around to the basement. He then went inside the basement for a short period before driving to the parking lot where he met the source.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Abbie Crites-Leoni, United States Magistrate Judge for the Eastern District of Missouri.

Eason was present at his home immediately before three sales of a controlled substance, and on two occasions he went to his home after he was contacted by the source and then went to the store to complete the sales. Those facts established a nexus between the criminal activity and his residence. See Garcia-Hernandez, 682 F.3d at 771. The facts presented in Nobles' affidavit were sufficient to show that there was a "fair probability" that drugs or other evidence would be found at Eason's residence. Id. The district court therefore did not err in denying Eason's motion to suppress.

Eason also challenges the sufficiency of the evidence on the firearm charge, arguing that the government did not prove that he knowingly possessed the gun found during the search. We review de novo the sufficiency of the evidence supporting the conviction, viewing the evidence in the light most favorable to the government and accepting all reasonable inferences drawn from the evidence that support the jury's verdict. United States v. Abdul-Aziz, 486 F.3d 471, 477 (8th Cir. 2007). Possession of a firearm for the purposes of 18 U.S.C. § 922(g) may be either actual or constructive. Id. Constructive possession is established if the defendant "has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself" or "by a showing that the firearm was seized at the defendant's residence." Id. (quoting United States v. Boykin, 986 F.2d 270, 274 (8th Cir. 1993)).

At trial DEA agents testified that they found packages of "Moon Walk," "Mad Hatter," "G Series," and "Scooby Snax" synthetic marijuana in a cabinet in the basement of the house. The agents also found a .45 caliber pistol in a heating vent in the basement bathroom. Jill Williams testified that she lived at the house with Eason and her two children. Eason had mentioned to Williams several times that he had a gun, but Williams did not know that there was a gun in the house. Williams further testified that on the day of the search Eason told her that DEA agents had searched the house and found a gun, and that she should say that it was hers. The jury

-3-

could infer that Eason had control over the gun from the fact that it was hidden near where he kept the drugs he was dealing and from the fact that he told Williams to lie about it. Moreover, the gun was found at Eason's residence and Williams, the only other adult living at the house, did not know that there was a gun in the basement. See Abdul-Aziz, 486 F.3d at 477. We conclude that there was sufficient evidence to support the jury's finding that Eason knowingly possessed the gun.

For these reasons we affirm Eason's convictions.

_____